MANUEL MARTORELL, demandante y apelante, *v.* CRÉDITO & AHORRO PONCEÑO, INC., demandado y apelado.

Núm. 6853.—*Sometido:* Noviembre 5, 1936.  *Resuelto: Noviembre* 2, 1937.

*R. Rivera Zayas,* abogado del apelante; *M. Marcos Morales,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Martorell apela de una sentencia a su favor concediéndole daños nominales.

El primer señalamiento es que la corte de distrito erró al considerar el alegado carácter fraudulento y simulado de ciertos traspasos hechos como consecuencia de un procedimiento sumario ejecutivo nulo.  La teoría del señalamiento es que la decisión de esta corte en *Martorell* v. *Crédito y*

*Ahorro Ponceño,* 42 D.P.R. 655, estableció por necesaria infe-
rencia el hecho de que Martorell había sufrido algunos daños,
por lo que sólo dejó para ser resuelta por la corte de distrito
la cuestión relativa a la cuantía de tales daños. La decisión
de este tribunal en la anterior apelación es ahora, desde luego,
la ley del presente caso. Esta corte pudo o no haber asumido
en el recurso anterior, conforme aparentemente asumió la
corte de distrito al dictar la sentencia que está ahora ante
nos, que el Banco respondía por lo menos de daños nomi-
nales. No encontramos nada en la anterior opinión de esta
corte, vista a la luz de las alegaciones y de la evidencia
aportada en el anterior juicio, que indique que este tribunal
asumiera o decidiera directa o indirectamente que Martorell
había sufrido daños materiales algunos. Por el contrario, la
opinión, interpretada a la luz de las alegaciones y de los
hechos que en aquel entonces teníamos ante nos, tiende cla-
ramente a la conclusión de que este tribunal, de manera
deliberada, dejó para que fuera la corte de distrito la que
las resolviera en primera instancia, tanto la cuestión relativa
a los daños materiales *vel non* como la atinente al importe de
tales daños, de haberlos.

El segundo señalamiento es que la corte de distrito
erró e incurrió en parcialidad y prejuicio al concluir que el
traspaso al comprador de los bienes ejecutados y el traspaso
por dicho comprador a un cuñado de Martorell fueron simu-
lados y fraudulentos, producto de una conspiración entre
Martorell, su abogado, su cuñado y el simulado comprador
en la venta en ejecución; que Martorell era el verdadero
dueño de los bienes; que Martorell sólo sufrió daños nomi-
nales. El argumento es, en síntesis, que el juez de distrito,
en su relación del caso y opinión, descansó en parte en una
transcripción de la evidencia aportada en el juicio anterior,
pero no ofrecida en evidencia en la vista subsiguiente.

El apelante asume, pero no demuestra, que en ausencia
de convenio expreso entre las partes, el juez de distrito no
estaba en libertad para considerar la evidencia admitida ori-

ginalmente. No nos detendremos a considerar la certeza de esta teoría. Del récord taquigráfico de la evidencia aportada en la segunda vista tomamos el siguiente extracto:

"DEMANDADO: El compañero propone y yo acepto que se admitiría la capacidad del ingeniero señor Sergio Cuebas, como perito y que declararía exactamente igual en cuanto al informe ese y que ha sido hecho de mutuo acuerdo. Admite además que tiene varios años de experiencia, que ha trabajado en obras públicas, en casas y construcciones, y que daría un informe exactamente igual a éste, y que dicho informe fué hecho conjuntamente con el otro ingeniero que acaba de declarar. El compañero admite, además, que el testigo Rudolph E. Fells, declararía como consta en el récord, o sea, que se admite la declaración que dió antes y está en el récord; las mismas preguntas y respuestas dadas en la otra declaración. También el compañero admite que las declaraciones que faltan de doña Margarita Umpierre y doña Heraclia Sánchez, presentadas por nosotros, y que aparecen en el récord taquigráfico, que aparezcan como reproducidas en la misma forma. Nosotros aceptamos esa estipulación.

"DEMANDANTE: Nosotros aceptamos eso.

"DEMANDADO: Desde luego, que nosotros desglosaremos el récord del Tribunal Supremo para traerlo aquí. Proponemos también una inspección ocular. Ese es el caso.

"DEMANDANTE: Nosotros tenemos como prueba de *rebuttal* al señor Rodríguez. Podríamos presentar la declaración que consta en el récord.

"DEMANDADO: No hay objeción.

"DEMANDANTE: Entonces, como prueba de *rebuttal* ofrecemos la declaración que está en el récord taquigráfico, prestada por el compañero Francisco Rodríguez Alverio.

"DEMANDADO: Se admite.

"DEMANDANTE: Ese es el caso.

(Las declaraciones propuestas por la parte demandada son las siguientes:)

. . . . . . . . ."

Los abogados de Martorell no hicieron objeción a las manifestaciones hechas por el letrado del demandado al efecto de que, desde luego, desglosaría de los autos del recurso anterior la transcripción de la evidencia y la sometería al juez

de distrito. El juez entendió aparentemente que por consentimiento tácito de las partes, o de otro modo, estaba en libertad de examinar y considerar la transcripción en su totalidad. De todos modos, creemos que había lo suficiente en la evidencia formalmente ofrecida en la segunda vista para justificar la médula de la conclusión a que llegó el juez de distrito. El error, de haberlo, no ofrece base satisfactoria para una revocación.

■ Los señalamientos tercero, cuarto y quinto consisten en que la corte de distrito erró al declarar sin lugar la reclamación de daños hecha por el demandante y al no dictar sentencia a su favor por una suma adecuada en concepto de daños y perjuicios; al dictar sentencia por daños nominales en vez de daños materiales, y al no imponerle el pago de las costas a la corporación demandada.

El argumento en relación con el tercer señalamiento, en tanto en cuanto la cuestión envuelta en él no ha sido ya resuelta, se basa en una exposición del demandante en cuanto al valor de los bienes vendidos en pública subasta. En vista de la conclusión a que llegó el juez en torno a la inexistencia de daños materiales, toda cuestión relativa al valor de la propiedad resulta académica, y no hay razón alguna para que él dictara sentencia concediendo, en concepto de daños materiales, una cantidad que estuviera en proporción con el valor de los bienes.

■ La contención bajo el cuarto señalamiento es que la ley en Puerto Rico no autoriza una sentencia por daños nominales. Si el apelante tiene razón en esto, el resultado sería que la sentencia de la corte de distrito tendría que ser modificada en el sentido de privar al apelante del dólar a que tiene derecho bajo la misma. El apelante lograría los mismos resultados renunciando a su derecho a cobrarlo, o negándose a aceptar el importe de la sentencia, si el apelado tratara de efectuar un pago voluntario.

En vista de la conclusión a que llegó el juez de distrito, no encontramos que abusara de su discreción al no imponerle las costas a la demandada.

*La sentencia apelada debe ser confirmada.*

Los Jueces Presidente Señor Del Toro y Asociado Señor Córdova Dávila no intervinieron.